```
UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
TERRENCE BROWN,                                             :
                                                            :
                        Plaintiff,                          :
                                                            :   **MEMORANDUM**
             - against -                                    :   **DECISION AND ORDER**
                                                            :
THE CITY OF NEW YORK, a municipal                           :   19-cv-108 (BMC) (RLM)
Corporation, ADMINISTRATION FOR                             :
CHILDREN'S SERVICES, and                                    :
COMPREHENSIVE FAMILY SERVICES,                              :
INC.,                                                       :
                                                            :
                        Defendants.                         :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this action alleging that a state court custody proceeding violated his constitutional rights. Plaintiff paid the filing fee to commence this action. For the reasons stated below, his complaint is dismissed.

## BACKGROUND

The following allegations are taken from the complaint. Under a family court order, plaintiff lost custody of his children to his wife but was permitted visitation supervised by defendants Administration for Child Services ("ACS") and Comprehensive Family Services, Inc. ("CFS"). Plaintiff alleges that ACS and CFS refused to act on his reports that his ex-wife abuses their children, whom plaintiff has not seen in almost two years.

Plaintiff has repeatedly contested the custody determination in state court but has not prevailed. Two of plaintiff's petitions for the custody of plaintiff's children are still pending in state court. Plaintiff brings this action under 42 U.S.C. § 1983 against the City of New York, ACF, and CFS for damages and the custody of his children.

## DISCUSSION

### A. Standard of Review

*Pro se* litigants' submissions are construed liberally. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, even if a plaintiff has paid the filing fee, a court may dismiss the case if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law ..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

In addition, federal district courts may not preside over cases absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allanattah Servs., Inc., 545 U.S. 546, 552 (2005). A court must raise the absence of subject matter jurisdiction *sua sponte*. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

### B. Domestic Relations Exception

The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). Such matters are more appropriate for state courts, which have "special proficiency" in these matters as well as a "close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." Id. at 704. Consequently, "[f]ederal courts will dismiss actions aimed at changing the results of

domestic proceedings, including orders of child custody." Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004).

A "plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages." Schottel v. Kutyba, No. 06-cv-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009). When claims for monetary damages "begin and end in a domestic dispute," the domestic relations exception still bars federal jurisdiction. Id.

Here, the domestic relations exception bars federal jurisdiction. The gravamen of plaintiff's action is his request for custody of his children, and his request for monetary damages does not salvage his case. If the Court were to consider this request, it would have to wade into a domestic dispute and review state court custody determinations – a role that is wholly inappropriate for a federal court.

    **C.**    **Rooker-Feldman Doctrine**

Under the Rooker–Feldman doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). The doctrine only applies to federal lawsuits brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

When a plaintiff challenges orders issued in an ongoing family court proceeding, Rooker-Feldman "bars a district court from reviewing a family court's determinations regarding custody, neglect and visitation where those issues have been decided after providing the plaintiff a full and fair opportunity to litigate those issues." El-Shabazz v. Henry, No. 12-cv-5044, 2012 WL 5347824, at *4 (E.D.N.Y. Oct. 29, 2012) (internal quotation marks omitted).

Rooker-Feldman bars plaintiff's claims here.  After losing custody of his children as a result of an adverse ruling in a state court proceeding, he asks this Court to reject the state court determination and grant plaintiff custody of his children.  The state court proceeding appears to be ongoing so thawt plaintiff appears to have had an adequate opportunity to litigate the custody of his children in state court.

## **CONCLUSION**

The complaint is dismissed.  Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                       _____

                                                                              U.S.D.J.

Dated: Brooklyn, New York
       January 16, 2019